UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS MARCO HERNANDEZ, § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO: _____ |
| § | |
| FEDEX GROUND PACKAGE SYSTEM, § INC. § § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Luis Marco Hernandez files this Original Complaint against Defendant FedEx Ground Package System, Inc. ("FedEx Ground") and respectfully shows the Court the following:

**I.   SUMMARY OF CASE**

1. FedEx Ground fired long-term management employee Luis Marco Hernandez after Hernandez repeatedly reported to the company that a senior-level manager harassed employees on a daily basis. That manager referred to employees using the n-word, "f-g," "b---h," "p---y," and similar words. He made fun of them for being disabled. He refused to promote older people. And he did all of this in full hearing and view of the worksite's senior manager, who never stopped him. In 2019, Hernandez was given a final warning after he told HR about the manager's harassing behavior. When he continued to complain, he was fired. HR did not stop the harassing manager or protect Hernandez from these actions and instead told him to stop complaining and not to "bite the hand that feeds him." FedEx Ground retaliated against Hernandez in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act.

1

## II.   PARTIES

2. Plaintiff Luis Marco Hernandez is a resident of Cameron County.

3. Defendant FedEx Ground is a domestic limited liability company doing business in the State of Texas. FedEx Ground may be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136; or via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; or wherever found.

## III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Americans with Disabilities Act, 42 U.S.C. § 12101.

5. Venue is proper in this Court because Plaintiff resides in Cameron County and worked in Hidalgo County for Fedex Ground; and a substantial part of the events or omissions giving rise to Plaintiff's claims including the unlawful employment practices occurred in the Southern District of Texas.

## IV.   FACTS

6. Plaintiff Luis Marco ("Mark") Hernandez began work for Fedex Ground at its facility in Edinburg, Texas in 2002. He was an excellent employee and received raises and was steadily promoted to the position of Operations Manager. His attitude at work is the same as in life: he is committed to living in service of God, which includes respect, fair treatment, and integrity toward others. Hernandez has been married for 13 years and is very involved with his church.

7.     Hernandez reported to Sort Manager Baldemar Sanchez, who in turn reported to Senior Manager Eddie Garza. Hernandez's supervisor Sanchez worked for FedEx Ground since approximately 2010. Sanchez was close friends with the facility Senior Manager Garza as well as the P&D Manager Marcelino Llanos. These three managers protected each other and conspired together to cover up wrongdoing at the facility, including Sanchez's constant discriminatory and harassing behavior toward many FedEx Ground employees.

8.     Sanchez discriminated against and harassed FedEx Ground employees at the Edinburg facility for years. He called many African American, and some darker-skinned Latino employees, the n-word. On a daily basis he would use epithets to refer to those who worked for him and with him, including the n-word, "f-g," "b---h," "p---y," and similar words in Spanish. Examples of the casual ways that he used these words were his exclamations that he was "glad he did not have to work with that [n-word] anymore" or "you hired the [n-word], you work with him." He also made fun of disabled employees. He said of one employee with autism, who was married to a woman who used a wheelchair, that he was the only person "dumb enough to go out with an invalid." He made fun of older employees and openly refused to promote older candidates. Sanchez also made fun of Hernandez for his religious beliefs.

9.     Hernandez repeatedly complained to Garza about Sanchez's behavior. Garza would admit it was wrong and claim he would talk to Sanchez, but Sanchez did not change. It was so commonplace that employees left FedEx due to the shame, embarrassment, and the offensive nature of Sanchez's actions and lack of protection by management. There was no HR person onsite and any complaints were handled by HR regional management that rarely visited the worksite. When employees complained to Hernandez about Sanchez, he encouraged them to report Sanchez's behavior to HR or the company Alert Line. He also reported Sanchez's behavior

3

repeatedly to Garza and the Alert Line, and HR even investigated one report. However, nothing changed.

10. On March 21, 2019, Hernandez spoke to FedEx Ground HR Manager Gloria Valdiri about Sanchez's behavior and an issue with another employee. Valdiri told him that she was investigating Sanchez's harassing behavior. Hernandez confirmed to Valdiri that Sanchez used foul language, including racial slurs, on a daily basis. He told Valdiri he had complained to Garza about it and that nothing ever came of his complaints. At that point Valdiri turned on him in the interview and said that Hernandez was talking too much to employees. She complained about the many complaints she had to manage. She also told Hernandez outright that people who complained would be punished: she asked Hernandez, "At the end of the day, who signs your checks?... You can't bite the hand that's feeding you"; and that, "If someone was to sue, [they] wouldn't be here." She told him her loyalty was to FedEx so anything they do or say, they must be careful. Hernandez responded that he acts with integrity and professionalism, and in accordance with his belief in God. Valdiri then accused Hernandez of false behavior that could only have come from Sanchez, Garza, or Llanos to try to cover themselves. She said that she had received a complaint that Mark had used the term "BBC" over the company radio. Hernandez told her he had asked about the address for "PBC," Pepsi Bottling Company. She also claimed he had made vulgar jokes recently. She then accused him of telling people he had sued the company and made a lot of money. All of these accusations were untrue. She then stated she was disappointed in Hernandez, although all he had done was tell the truth to Valdiri. Valdiri continued to insist that Hernandez was creating divisions when he would tell employees they could complain to the Alert Line or HR. Valdiri advised Hernandez that in the future he was to tell anyone who complained to him that he is not their manager and cannot get involved in their issues.

4

11. Approximately a week after speaking to HR, Sanchez gave Hernandez a Final Warning Documented Decision for saying "BBC" over the radio, which he claimed was an "inappropriate comment." Hernandez had said "PBC," but in any event, according to the FedEx website "BBC" is an acronym used for "bad bar code." Hernandez appealed this Final Warning via the company's complaint system, but the upper managers ignored his complaints and kept the Final Warning in place.

12. Within a month or two of receiving the Final Warning, a driver approached Hernandez and told Hernandez that Sanchez asked him to lie about Hernandez so that Hernandez would be fired. Sanchez told the employee both Sanchez and Garza wanted Hernandez gone. He said he was going to report this to corporate, as well as Sanchez's discriminatory and harassing behavior.

12. On May 30, 2019, Hernandez called HR employee Steffany August to complain about further discrimination and harassment. He told her about Sanchez's continued use of racial, sexual, homophobic, and other epithets. He also reported that Sanchez made fun of Hernandez for volunteering at church. Four or five days later, he told August that another employee had been asked to lie about him and wondered whether that employee should call the alert line. August assured him that HR was investigating everything.

13. On June 28, 2019, nothing had been done in response to these complaints. Hernandez emailed Valdiri, August, Sanchez, and Garza. He stated clearly in the email that he had engaged in protected activity under Title VII and felt he was facing retaliation. He did not receive a response.

14. On July 3, 2019, a FedEx Ground administrative clerk told Hernandez he was quitting. He said that Sanchez and Llanos had been calling him repeatedly and pressuring him to

5

lie about Hernandez so that Hernandez could be fired. He said he finally did tell a lie to HR. He asked Hernandez for forgiveness.

15. On July 10, 2019, Garza fired Hernandez. He told Hernandez that he had violated a policy but refused to say what Hernandez had done. FedEx Ground later told the EEOC that Hernandez was fired for saying "BBC" on the radio in March 2019 and also for "loudly reprimand[ing]" another employee in front of a group of applicants in June 2019. Both of these allegations are false, but even if they were true, they provide no basis for firing a 16-year management employee with an impeccable record. FedEx later told the EEOC that no employee corroborated that Sanchez made any inappropriate comments. This also was a false statement. Two other employees corroborated Sanchez's behavior to Valdiri in the spring of 2019, and just like Hernandez, they were fired in retaliation for false reasons.

16. The EEOC found that reasonable cause existed that FedEx Ground violated the law. *See* Ex. A. It issued a right to sue notice to Hernandez. *See* Ex. B.

### V. CAUSES OF ACTION I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE AMERICANS WITH DISABILITIES ACT

17. Plaintiff incorporates by reference all of the above facts.

18. Title VII of the Civil Rights Act and the Americans with Disabilities Act prohibit retaliation when an employee engages in conduct protected by these laws. Hernandez engaged in protected conduct when he repeatedly reported to FedEx Ground that Sanchez was violating company policy and these laws by harassing employees on the basis of multiple protected categories, including gender, race, and disability. FedEx Ground managers harassed Plaintiff and issued discipline and fired Hernandez for pretextual and false reasons because he made these complaints. This action was unlawful and in violation of these statutes.

## VI.   CAUSES OF ACTION II:  HARASSMENT AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE AMERICAN WITH DISABILITIES ACT

19. Plaintiff incorporates by reference all of the above facts.

20. FedEx Ground, via its agents and employees, subjected Plaintiff to a hostile work environment on the basis of his religion and other grounds that changed the terms and conditions of his employment.  The harassment was severe and pervasive.  FedEx Ground failed to take prompt remedial action to correct this harassment.

## VII.   JURY DEMAND

21. Plaintiff demands a trial by jury.

## VIII.  PRAYER

22. Plaintiff requests that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

    a. Actual damages including but not limited to pecuniary losses, non-pecuniary losses, back pay and front pay or reinstatement;

    b. Emotional distress and other compensatory damages;

    c. Liquidated and/or punitive damages;

    d. Attorney's fees and court costs;

    e. Prejudgment and post-judgment interest; and

    f. All other relief to which she is entitled.

Respectfully submitted,

By: */s/ Samantha Martinez*
Samantha Martinez
MARTINEZ FIRM, PLLC
Federal ID No. 27604
State Bar No. 24026860
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:     (713) 333-3270
Telecopier:     (713) 333-3275

COUNSEL FOR PLAINTIFF
LUIS MARCO HERNANDEZ